IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **FIRST AMERICAN TITLE INSURANCE COMPANY,**<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>**NATIONAL TITLE AGENCY, LLC, WILLIAM D. ROWLEY, NATIONAL TITLE AGENCY OF UTAH, INC., and SPENCER D. ROWLEY,**<br><br>　　　　　　Defendants.<br><br>**NATIONAL TITLE AGENCY, LLC, and WILLIAM D. ROWLEY,**<br><br>　　　　　　Third-Party Plaintiff,<br><br>vs.<br><br>**JP MORGAN CHASE BANK,**<br><br>　　　　　　Third-Party Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:13CV1055DAK<br><br>Judge Dale A. Kimball |

　　　　This matter is before the court on Third-Party Defendant JP Morgan Chase Bank's ("Chase") Motion to Dismiss Third-Party Complaint and Third-Party Plaintiffs' National Title Agency, LLC and William D. Rowley's (collectively, "National Title") Motion to Amend Third-Party Complaint.  On January 14, 2016, the court held a hearing on the motions.  At the hearing, Chase was represented by Nicholas Frandsen and Gary Doctorman, and National Title was

represented by Sean A. Monson.  The court took the motions under advisement.  Having carefully considered the memoranda submitted by the parties and the law and facts relating to the motions, the court issues the following Memorandum Decision and Order.

## BACKGROUND

National Title Agency was a licensed escrow and title agent that closed real estate transactions in Utah.  William Rowley formed National Title in 2006 and it ceased operations on December 31, 2013.  National Title held funds in escrow for parties in trust accounts at several banks, including JP Morgan Chase Bank ("Chase").

On April 6, 2010, a Utah state court entered Default Judgment against National Title in *Bell, et al. v. Hemsley, et al.,* Case No. 080902845, Third District Court, Salt Lake County, Utah, for failure to appear at a mandatory court status conference.  Because National Title did not appear, the court entered Judgment against National Title in the amount of $95,000.   Plaintiff in the *Bell* case sought to execute on the Judgment through a Writ of Garnishment issued by the state court and served on Chase.  The parties dispute whether Chase provided National with notice of the garnishment, but it is undisputed that the state court provided notice to National Title of the state court judgment, application for writ of garnishment, and writ of garnishment when each were issued.  It is also undisputed that Chase did not immediately respond to the Writ of Garnishment.  After being served with an order to show cause relating to its failure to respond to the Writ of Garnishment, Chase released $89,783.84 on May 24, 2010.

On May 7, 2010, a Utah state court entered Default Judgment against National Title in *Hill, et al. v. Tibbits, et al.*, Case No. 080921870, Third District Court, Salt Lake County, Utah, for failure to appear and answer the Complaint.  The judgment entered in the Hill case was for

$387,510.72. Plaintiffs in the *Hill* matter sought a writ of garnishment from the state court, which was granted and served on Chase. While it is undisputed that National Title received notices from the state court, the parties dispute whether Chase provided National Title with notice of the Writ of Garnishment. Chase completed the Response to Interrogatories accompanying the Writ of Garnishment and released the funds pursuant to the garnishment on September 20, 2010.

National Title alleges that it did not learn about the judgments or that the funds had been garnished out of the trust account it had with Chase until October 2013, over three years after the judgments and garnishments occurred. National Title contends that Chase relinquished funds from the trust account in violation of Utah law. Approximately two years after First American Title sued National Title in this action for indemnification relating to shortfalls in the trust accounts that it was required to pay to third parties, on September 18, 2015, National Title brought the present Third-Party Complaint against Chase for improperly releasing money from the trust accounts in response to the writs of garnishment. National Title's Third-Party Complaint alleges causes of action for breach of fiduciary duty, violation of statute, breach of contract, equitable indemnification, and seeks punitive damages.

## DISCUSSION

### Chase's Motion to Dismiss Third-Party Complaint

Chase moves to dismiss National Title's Third-Party Complaint on the following grounds: (1) the Third-Party Complaint involves state law issues that should be adjudicated in the Utah State Courts which entered the judgments and issued the garnishments; (2) National Title fails to plead any damages; (3) Chase did not owe a fiduciary duty to National Title; and (4)

William Rowley has no standing to bring a claim regarding garnishments to which he was not a party by a bank to which he had no relationship.

Chase first argues that National Title's claims relating to the writs of garnishment must be brought in the state court that issued the writs. "[I]n particular cases, the federal courts should decline to adjudicate cases concurrently with state proceedings when considerations of 'wise judicial administration giving regard to the conservation of judicial resources and comprehensive disposition of litigation,' would justify a stay or dismissal of the federal proceedings." *First National Credit Corp. v. Von Hake*, 511 F. Supp. 634, 644 (D. Utah 1981).

"A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, maters which traditionally look to state law for their resolution, or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999). "*Younger* abstention is non-discretionary, it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.*

In this case, the state court actions in which the garnishments were obtained are still open. While judgments have been entered, the cases remain open and the courts retain jurisdiction to address supplemental proceedings in the cases, such as the garnishments.  Next, the state court provides an adequate forum to hear the claims raised in National Title's Third Party Complaint. National Title alleges that Chase violated Utah statutes and fiduciary duties relating to the garnishment proceedings.  Finally, the state garnishment proceedings involve matters which traditionally look to state law for their resolution.  The garnishment proceedings are governed by

4

state law and are an integral part of the state judicial system. The Supreme Court has recognized that "challenges to the processes by which the State compels compliance with the judgments of its courts" involve important state interests. *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12 (1987). Therefore, all three elements of the *Younger* abstention doctrine are met in this case.

In addition, "[u]nder the *Rooker-Feldman* doctrine, federal district courts 'do not have jurisdiction . . . over challenges to state-court decision in particular cases arising out of judicial proceedings." *Jackson v. Peters*, 81 Fed. Appx. 282, 285-86 (10th Cir. 2003). "The doctrine 'prohibits a lower federal court from considering claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *Id.* at 286.

In *Jackson*, the court found that the plaintiff's claims regarding defective procedures relating to the garnishment of his wages were "inextricably intertwined with the state courts' judgments." *Id.* The *Jackson* court concluded that the plaintiff must pursue his claims of defective procedures in the garnishment process in state court. *Id.*

As in *Jackson*, National Title's claims that the garnishment proceedings were procedurally defective are inextricably intertwined with the state courts' judgments. Whether Chase improperly complied with the state courts' writs or whether the writs themselves were improperly issued against trust accounts are issues for the state court to determine and must be pursued in state court.

The court concludes that it would be improper for this court to address any of National Title's claims. All five of National Title's claims against Chase arise from allegations that in 2010 Chase improperly honored the state court writs of garnishment. These claims should have been brought in the Utah state courts. Because the court must abstain from this dispute, the court

also refrains from analyzing any of Chase's remaining arguments that relate to the merits of National Title's claims and National Title's motion to amend.[1] The court, therefore, grants Chase's motion to dismiss to the extent that it argued that National Title's Third-Party Complaint should have been brought in state court.

## CONCLUSION

Based on the above reasoning, Third-Party Defendant JP Morgan Chase's Motion to Dismiss the Third-Party Complaint [Docket No. 61] is GRANTED.  Third-Party Plaintiffs' claims should have been and must be brought in state court and, therefore, are dismissed without prejudice.  Accordingly, Third-Party Plaintiff's Motion to Amend Third-Party Complaint [Docket No. 76] is MOOT.

DATED this 28th day of January, 2016.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge

---

[1] National Title's motion to amend the Third-Party Complaint seeks to clarify that its violation of statute claim is a negligence per se cause of action and to include factual information regarding a recent lawsuit allegedly relating to the funds released pursuant to the writs of garnishment.  Neither of these amendments would change the courts analysis on Chase's motion to dismiss.